AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court
## DISTRICT OF KANSAS

UNITED STATES OF AMERICA
v.                                                         **ORDER OF DETENTION PENDING TRIAL**

<u>RAMON GIRON-ESPANA</u>                  Case Number: 10-mj-8213-01-DJW
*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☒ (1) There is a serious risk that the defendant will not appear.

☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached pages)

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: November 9, 2010                          <u>s/ David J. Waxse</u>
                                                 *Signature of Judicial Officer*

                                                 DAVID J. WAXSE, U.S. MAGISTRATE JUDGE
                                                 *Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

## Part II - Written Statement of Reasons for Detention

As the law requires, I am to look at a series of conditions that are set out in 18 U.S.C. §3142(g) to determine whether there are conditions of release that will assure the appearance of the person as required and the safety of any person in the community.

The first factor is the nature and circumstances of the offense charged, including whether it involves controlled substances. These do, so that is a negative factor.

The next factor is the weight of the evidence. There has been a probable cause determination but, as counsel has pointed out, it is not the strongest evidence on each of the defendants.

The next factor is the history and characteristics of the person, including their physical and mental condition. With each defendant I do not see an issue, so those would be positive.

Family ties are really mixed because each defendant has family out of the country and some family in the country.

The next factor is employment. There has been employment but now that it has been determined they are here illegally there won't be employment, so that is a negative.

The next factor is financial resources. Other than the money seized, there is no indication that there are substantial resources that would enable them to flee so those would not be a negative factor.

Length of residence in the community varies somewhat but generally there has been residence of some substance.

Community ties are minimal.

The next factor is past conduct, which includes history related to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings. For each of these defendants those appear to be positive.

The next factor is whether at the time of the current offense or arrest the person was on parole, probation, or other release. It does not appear that any defendant was.

The final factor is the nature and seriousness of the danger to any person in the community that would be posed by their release. Obviously when you are talking about charges of distributing cocaine, that is substantial danger.

The biggest problem is that if I set conditions and release you I have no guarantee that you will be back, even if you want to come back, because I.C.E. can hold you and send you away without any control on my part.

Under those circumstances, considering all these factors, I think all of you should remain detained.